CHARLES F. HUSTON

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

121    497
198    ³198

*Filed at Springfield September 27, 1887.*

1. RAPE—*failure to make resistance, through intimidation and threats.* On a prosecution for rape, the defence asked the court to instruct the jury that unless they found, from the evidence, that the prosecutrix, at the time of the alleged assault, used all the force and resistance in her power to prevent the accomplishment of the act, they should find the defendant not guilty, or at least should take such fact into consideration in passing upon the question of his guilt. The instruction was objectionable, and was properly refused, because it did not negative the hypothesis that the failure of the prosecutrix to make the requisite resistance was caused by the threats and intimidation of the accused, there being evidence tending to prove such hypothesis.

2. NEW TRIAL—*on the evidence.* Where the evidence on the trial of one for a rape is conflicting, the accused admitting the carnal intercourse, but denying it was against the will of the prosecutrix, and each is somewhat corroborated, and the trial court sustains a conviction by refusing a new trial, this court will not reverse the judgment of conviction.

3. INSTRUCTIONS—*repeating.* This court will not reverse a judgment of conviction in a criminal case for the refusal to give instructions on the part of the defendant that might properly have been given, where the principles announced in them are sufficiently covered by other instructions given for him.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. JAMES F. HUGHES, Judge, presiding.

Messrs. BLINN & HOBLITT, for the plaintiff in error:

The evidence in this case does not sustain the verdict, and the verdict should be set aside for want of evidence to support it.

Under the statute of this State, before the crime of rape exists there must have been offered by the woman all the resistance within her power, under the circumstances connected with the assault. *People v. Dohring,* 59 N. Y. 374; *Don Morgan v. People,* 25 Mich. 356; Roscoe's Crim. Evidence,

(6th Am. ed.) 806; 1 East's P. C. 443, sec. 7; 18 Viner's Abr. "Rape," Pl. 11; *People* v. *Abbott,* 19 Wend. 192; *People* v. *Quinn,* 50 Barb. 128; *Reynolds* v. *People,* 31 How. Pr. 179; *People* v. *Bransby,* 32 N. Y. 525; *People* v. *Hulse,* 3 Hill, 309; *Cropwell* v. *People,* 13 Mich. 427; *Crogan* v. *State,* 22 Wis. 424; *State* v. *Cross,* 12 Iowa, 66; *Austine* v. *People,* 110 Ill. 248.

It was a right of defendant on trial to have the law applying to the facts of his case accurately given to the jury. The circuit court had no right to refuse to give an instruction that contained a correct statement of the law applicable to the facts of the case.

Mr. Edward P. Vail, State's Attorney, for the People.

Mr. Justice Mulkey delivered the opinion of the Court:

At the June term, 1886, of the Macon circuit court, Charles F. Huston was tried and convicted on a charge of rape upon the person of his sister-in-law, Melissa M. Conway, the jury fixing the term of his confinement in the penitentiary at two years. The court formally sentenced him in pursuance of the verdict, and the record of the conviction is now before us for review.

The prosecutrix, at the time of the alleged offence, was temporarily staying in the family of the defendant, to do housework and wait on her sister, who had recently been confined in child-birth. At the time of the occurrence, which was on the 24th of July, 1885, the prosecutrix was under sixteen years of age.

The case, upon the admitted facts, is brought within a very narrow compass. That the defendant had criminal intercourse with the prosecutrix at the time and place charged by her, is admitted by him; but he claims it was done with her consent, while she, on the other hand, swears it was done forcibly, and against her will. He also testifies to having had

criminal intercourse with her on two other different occasions;
but this is positively denied by her.    Thus, it will be per-
ceived, the case, as submitted to the jury, presented for their
determination a sharp issue of fact,—namely, whether the
defendant committed the act forcibly, and against the will of
the prosecutrix, or with her consent.    The other evidence in
the case, whether on the one side or the other, is important
only in so far as it may directly or indirectly bear upon this
issue.

There is corroborative evidence in the record having more
or less force on both sides of this issue.    That which is the
most favorable to the accused is the admitted fact that the
prosecutrix remained in the house of the defendant about two
weeks after the affair, without saying anything to her sister,
or anyone else, about it, and that even after she went home
she made no complaint until the first of the following Feb-
ruary, when she, for the first time, informed her mother of
what had occurred.    In explanation of this delay in making
complaint, she says, in her testimony: "I never told anybody
about this matter until February, 1886.    The reason I did
not tell father and mother when I got home, was, I was afraid
it would be worse than it was then.    I was also afraid of
Charles Huston.    *    *    *    I was afraid of him up to the
time I told it, and continued to be afraid of him afterwards."
It further appears, from her testimony, that the assault upon
her brought on a spell of flooding, which continued about
three weeks, and that she was so lacerated and torn that she
finally had to consult a physician.    In these statements she
is corroborated by medical and other testimony.

It is claimed by counsel for the accused, that the account
given of the affair by her, is too unreasonable to justify a
conviction.    It may be admitted that some of the details of
her story are unreasonable, and still we are unable to say
that the substance of it is so to such a degree as to justify us
in reversing the case on that ground.    The great question

before the jury was, whether the alleged criminal assault was a mere fabrication on her part. As to the manner or details of the assault, assuming it to have been made, she might well, by reason of the terror and excitement of the moment, have conceived erroneous impressions as to just how the criminal act was accomplished, but the fact of the assault itself is something about which she could not be mistaken. All this was matter for the jury, who had the witnesses before them, heard their testimony, observed their bearing and conduct on the stand, and they, by their verdict, sustain her as to the fact of the assault. The circuit judge who tried the case, in overruling the defendant's motion for a new trial, has said he is satisfied with the jury's finding, and we are not prepared to say that it is wrong.

It is also complained that the court refused to give to the jury proper instructions on behalf of the accused. We do not think there is any substantial foundation for this claim. Several of the refused instructions might properly have been given, but the principles announced in them are sufficiently covered by other instructions given by the court. Such as are not, we think were properly refused, particularly those to which the argument of counsel is chiefly devoted, and which are pressed upon the attention of the court with great pertinacity. Without taking up these instructions and considering them in detail, it is sufficient to say, that conceding, for the purposes of the argument, merely, that the principle announced in them might, under special circumstances, be properly applied in a prosecution for rape, still we think the court ruled correctly in the present case, because, under the evidence, they were clearly calculated to mislead the jury.

The instructions in question, in varying phraseology, told the jury, in substance, that unless they found, from the evidence, that the prosecutrix, at the time of the assault, used all the force and resistance in her power to prevent the accomplishment of the act, they should find the defendant not

guilty, or at least should take such fact into consideration in passing upon the question of his guilt. These instructions were all objectionable, because they did not negative the hypothesis that the prosecutrix's failure to make the requisite resistance was caused by the threats and intimidation of the accused, there being evidence tending to prove that hypothesis. Thus, she swears that he threw her down, commanding her with an oath to keep still, saying, that if she would do so he would not hurt her, but that if she told it, it would not be good for her. Such language as this, coming from one bearing the relation he did to her and her family, was, in view of her youth and consequent inexperience, well calculated to inspire fear and serious apprehension for her personal safety in the event she offered any serious opposition to the consummation of his purpose. The instructions utterly ignore this aspect of the case, and were, consequently, as drawn, well calculated to mislead the jury, and for that reason, if for no other, should have been, as they were, refused. The instructions given on behalf of the accused, fairly presented the case to the jury. They were told, that if, upon consideration of all the evidence in the case, they were not satisfied, beyond a reasonable doubt, that the defendant had criminal intercourse with the prosecutrix, forcibly and against her will, they should find him not guilty, and that until thus proven guilty the law presumed him innocent.

Upon the whole, we think the accused has no cause to complain of the rulings of the court below, and the jury having found against him upon the facts, the judgment must be affirmed.

*Judgment affirmed.*