RALPH WESTER v. STATE.

193 So. 303

En Banc

Opinion Filed January 16, 1940

*Amos E. Lewis* and *Philip D. Beall,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

THOMAS, J.—This is a companion to the case of Woodrow Wester v. State, decided this day (193 So. 300), and what we said in that opinion disposes of all questions raised here except one criticizing a charge of the court defining principals in the first and second degree. (That part of the opinion in the other case which dealt with threats said to have been made by Woodrow Wester against the deceased is, of course, irrelevant to this one.)

The questioned instruction was:

"A principal in the first degree and a principal in the second degree are both principals, and are punishable alike. The degrees are designed merely to indicate that one actually committed the felonious act, and that the other was present (actually or constructively) aiding and abetting the felonious act. Both are equally guilty; and it is not material which one is alleged to have actually committed the felonious act, (if) it is duly proven that one committed the act and that the other was present, and aided and abetted the alleged felony."

That the charge is correct is evident from reading the following cases: Pope v. State, 84 Fla. 428, 94 South.

Rep. 865; Bryan v. State, 19 Fla. 864, and Neumann v. State, 116 Fa. 98, 156 South. Rep. 237.

No error could have resulted from failure to define "constructively," as is urged. It is not incumbent upon the court to define words, used in the charges, which are understandable to persons possessed of the qualifications required of jurors; there was no request for the definitive instruction; and the evidence shows that this plaintiff in error was parked so near the victim's home and the scene of the murder that the report of the gun was heard by him.

The judgment is—

Affirmed.

TERRELL, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.