167 So.2d 309 (1964)
Ellis THOMAS, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 32742.
Supreme Court of Florida.
September 16, 1964.
Francisco A. Rodriguez, Tampa, for appellant.
James W. Kynes, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
O'CONNELL, Justice.
Ellis Thomas, Jr., was convicted of the crime of rape and given a death sentence.
The sole question presented is the sufficiency of the evidence. Specifically, appellant contends that the evidence does not show "that measure of apprehension on the part of the complaining witness to show that consent was rendered out of genuine fear of loss of life or genuine fear of suffering bodily harm." He argues that there was no showing of any actual force at the time of the penetration.
Neither the identity of the appellant, nor the fact of penetration by him is in dispute. It is not disputed that appellant entered prosecutrix's home illegally by cutting through a screen on a window. We will not repeat the evidence on these points.
Only the prosecutrix, a 62-year-old white woman, and the appellant, a Negro farm worker, had knowledge of the facts surrounding the incident involved. The appellant elected not to testify. As in most cases of this kind, the only evidence on the crucial element of force is the testimony of the prosecuting witness.
This evidence shows that the prosecutrix, who lived alone, was awakened at about 3:45 A.M. on September 30, 1962, by a hand on her shoulder. The intruder identified himself as one who had worked a short time for the prosecutrix several years earlier. He advised her that "she had no telephone," implying that it has been rendered inoperative. Thereafter, over a period of approximately two hours, during which the appellant at all times kept the prosecutrix under his control or in his immediate presence, the appellant required her to take him on a tour of the house to ascertain that there was no other person in the home; ordered her to produce a bottle of whisky, forced her to take a drink and had several himself; subjected her to *310 lengthy tirades about the sad plight of the Negro; demanded money of her; and finally, in her words, the appellant "danced around the room like he was going into a trance." He then told her in words of like effect that he was going to rape her and ordered her to undress, which she refused to do. She testified that appellant then grabbed her with both hands around her neck and choked her. He asked "Do you want to live or do you want to die?", after which she submitted. As appellant left her room, near 6:00 A.M., the prosecutrix dashed into her bathroom, locked the door, and remained there until she felt it safe to come out. During this interlude she testified that she bathed and tried to compose herself.
When she came out of the bathroom, she called her doctor at his home. Unable to reach him, she left word at the hospital for him to call on her. He did call on her at about 10:30 A.M., examined her, determined that penetration had occurred, and found a bruise on her neck. He placed her in the hospital under heavy sedation.
The prosecutrix testified that during her long ordeal she played for time, hoping for daylight, because she felt that the appellant would be less apt to harm her during the day.
This evidence is adequate to support the judgment and sentence.
The rule is that where the sole witness is the prosecutrix, her testimony must be carefully scrutinized so as to avoid an unmerited conviction. Johnson v. State, Fla.App. 1960, 118 So.2d 806. The testimony of the prosecutrix survives such scrutiny. It is reasonable, consistent with corroborating evidence on other points not necessary to be discussed, and is not in anywise contradictory.
The carnal act of rape must be committed against the resistance of a woman, but resistance is a relative term and must be considered in view of the circumstances of each case. Jackson v. State, Fla. App. 1958, 107 So.2d 247.
The female need not resist as long as either strength endures or consciousness continues. The amount of resistance required depends on the circumstances, including the relative strength of the parties, the age and condition of the female, the apparent uselessness of resistance, and the degree of force manifested. It is only necessary that the resistance of the female be such as to make non-consent and actual resistance real, under the circumstances prevailing. Jackson v. State, supra; see also 75 C.J.S. Rape § 12 and cases cited therein.
Here, in addition to understandable fear which prosecutrix testified she experienced, the appellant applied actual force by choking her.
It is apparent under the facts of this case that the prosecutrix's actions meet every required standard of resistance and protest, and in no rational manner can her consent to the rape be implied.
Despite the fact that the appellant only questions the sufficiency of the evidence, we have carefully considered every facet of the proceedings reflected by the record before us to determine if the ends of justice require a new trial. We find no error in the proceedings and nothing to warrant a new trial.
Accordingly, the judgment and sentence of the trial court is
Affirmed.
DREW, C.J., and THOMAS, ROBERTS, THORNAL and CALDWELL, JJ., concur.