ADKINS, Justice.
The appellant has appealed to this Court from a judgment based on a verdict finding *605 him guilty of rape without a recommendation of mercy.
The prosecutrix testified that two men accosted her as she was preparing to leave a laundromat for home and, during the evening, on three separate occasions each of the two men had unlawful carnal intercourse with her while the other held a gun on her. She testified that she did not physically resist because they threatened to kill her if she didn’t do as they told her to and she was afraid they would carry out their threats. There is no necessity of detailing the sordid events which occurred.
Only the prosecutrix and the assailant had knowledge of the facts surrounding the incident and the appellant did not testify. As a result the only evidence of force or fear was the testimony of the prosecutrix. Appellant relies upon Coker v. State, 83 Fla. 672, 93 So. 176 (1922), where the Court said:
“Upon a prosecution for rape alleged to have been committed ‘forcibly and against the will of’ the prosecuting witness, reasonable latitude should be allowed in adducing evidence to test the probative force of the testimony of the prosecutrix as to the nature and extent of the force used and as to whether consent was or was not ultimately yielded, since the accomplishment of the act by force, and against the will of the female are the essential elements in the crime, and where no other person was an immediate witness to the act, the testimony of the prosecutrix should be rigidly scrutinized to avoid an unmerited conviction for a capital offense.”
The trial judge properly instructed the jury that the testimony of the prose-cutrix should be rigidly scrutinized, especially as to the nature and extent of the force used and as to whether consent was not ultimately yielded, and that in doing so the jury should consider the facts and circumstances surrounding the alleged assault, such as the strength of and physical development of the parties, the evidence or lack of evidence of injuries and other such relevant factors.
The Court in Thomas v. State, 167 So.2d 309 (Fla.1964), said:
“The female need not resist as long as either strength endures or consciousness continues. The amount of resistance required depends on the circumstances, including the relative strength of the parties, the age and condition of the female, the apparent uselessness of resistance, and the degree of force manifested. It is only necessary that the resistance of the female be such as to make non-consent and actual resistance real, under the circumstances prevailing.”
Where corroboration is utilized, it is generally available only as to the surrounding facts and circumstances and not to the fact of rape or penetration. See 20 F.L.P., Rape, § 12, citing Truluck v. State, 108 So.2d 748 (Fla.1959).
The prosecutrix’s identity of appellant was made by voice (see Mack v. State, 54 Fla. 55, 44 So. 706, 13 L.R.A.,N.S., 373 (1907) ; Paul v. State, 110 So.2d 388 (Fla.1959); Weinshenker v. State, 223 So.2d 561 (3d Dist.Ct.App.Fla.1969)), as well as by his facial features. In addition, appellant’s thumbprint was found on the prose-cutrix’s automobile window.
Swab tests, as well as a garment found at the scene of the crime, revealed the existence of seminal fluid. This was further corroboration. See Sellers v. State, 212 So.2d 659 (3d Dist.Ct.App.1968).
We have carefully read the record, not only because the assignments are directed to the sufficiency of the proof but also for the reason that we are required to do so under the provisions of Fla.Stat. § 924.32 (2), F.S.A., and find that the ends of justice do not require a new trial.
The trial judge meticulously guarded the rights of the defendant during the course *606 of the trial and his instructions to the jury were correct.
The verdict, adjudication of guilt and sentence are hereby
Affirmed.
ERVIN, C. J., and ROBERTS, DREW, THORNAL, CARLTON and BOYD, JJ., concur.