249 So.2d 16 (1971)
STATE of Florida, Petitioner,
v.
Cecil Edward SMITH, Respondent.
No. 40329.
Supreme Court of Florida.
May 12, 1971.
Rehearing Denied June 28, 1971.
*17 Robert L. Shevin, Atty. Gen. and Charles Corces, Jr., Asst. Atty. Gen., for petitioner.
Walter R. Talley, Public Defender and D. Turner Matthews, Asst. Public Defender, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Second District, reported at 239 So.2d 284. The decision sought to be reviewed conflicts with Doyle v. State,[1] giving this Court jurisdiction under § 4, Article V of the Florida Constitution, F.S.A.
Cecil Edward Smith, respondent herein, was tried and convicted of rape, with recommendation of mercy, and of breaking and entering with intent to commit a felony, to-wit: rape. He was sentenced to life imprisonment for rape and to ten years for breaking and entering, the sentenced to run concurrently.
The District Court reversed and remanded for either a new trial on both charges or, in the discretion of the trial judge, for discharge on the rape charge and reduction of the other offense to breaking and entering with intent to commit a misdemeanor.
In a novel opinion the District Court held that, although the jury's verdict was supported by the evidence, the interests of justice required a new trial. The basis of its decision is the following "doctrinal postulate" originated by the District Court:[2]
"If the testimony of persons not involved in the alleged rape, together with the data objectively verifiable, converge upon the hypothesis that the act was not forcible, a new trial should be granted either by the trial court on motion or the appellate court on appeal, although the prosecutrix' testimony alone supplies every element of the offense."
The above-quoted statement conflicts with the established rule in Florida that the testimony of the prosecutrix need not be corroborated in order to sustain a conviction.
The District Court acknowledges that the evidence supports the conviction and that corroboration is unnecessary under *18 Florida law but concludes that there are "many little indicators of doubt"[3] on the question of consent such as the fact that the clothing of the prosecutrix was not torn. Clearly these questions were for the jury who heard and observed the conflicting testimony of respondent and the prosecutrix.
Briefly, the facts are that at about 1:20 o'clock in the morning the prosecutrix was awakened in her room in the apartment she occupied alone by a noise at her window. She saw the silhouette of a man just outside. She got out of bed, ran toward the window just as he was breaking through the screen and window and coming over a kitchen table just inside the window. She struggled with him trying to push him back out, but he came on in, threatened her if she made an outcry and put his hand over her mouth and nose. He told her he was an escaped convict and had to "hide out for a couple of hours." He stated that he had a "friend" outside who was armed and had escaped prison with him. He threatened to kill her if she screamed or made an outcry. Thereafter, he forced her to disrobe and by physical force and threats of dire injury, proceeded to have sexual intercourse with her four times on her bed over a period of the next two or three hours. The prosecutrix stated that she never at any time consented but had resisted to the utmost consistent with what she was convinced would be better for her life and safety. Respondent Smith, testifying on his own behalf, admitted breaking through the window and screen and having sexual relations with the prosecutrix. He stated, however, that what they did was by mutual consent, without force, threats or intimidation on his part.
Judge Pierce, in his dissenting opinion, reviews the evidence and concludes:[4]
"The case presents a classic example of the conflict of evidence upon a material ingredient in the offense. The jury resolved the conflict in favor of the State, which was its right and duty. The evidence was, in my opinion, sufficient as a matter of law to sustain the verdicts, and the competency of the evidence is not challenged."
Authorities are too numerous to cite which define the function of the jury and that of the appellate court in cases such as the one before us. The rule is well stated in McKee v. State,[5] a rape case wherein the prosecutrix' stories were in conflict, as follows:
"Under our scheme of administering justice, the jury resolves factual conflicts, a function quite as important as any single function performed by the court. They take an oath to perform that function no less solemn than that taken by the court to perform its function. When it is shown that they have performed that duty faithfully and honestly and reached a conclusion that squares with reason and their theory of the evidence, it takes more than mere difference in opinion as to what the evidence shows, for this court to reverse them. We find no basis whatever for reversal here, except a possible difference of opinion as to what the facts before the jury reveal."
A twelve-man jury evaluated the evidence, including the credibility of the witnesses, presented in this case and found respondent guilty of the offenses charged. On appeal, the District Court determined that the evidence supported the conviction and the trial was free of error. Once that determination was made, the duty of the District Court was to affirm the conviction.
Accordingly, certiorari is granted, the decision of the District Court is quashed and the cause remanded with directions to *19 affirm the judgments and sentences of the trial court.
It is so ordered.
ROBERTS, C.J., ADKINS and McCAIN, JJ., and MASON, Circuit Judge, concur.
NOTES
[1] 39 Fla. 155, 22 So. 272 (1897).
[2] 239 So.2d 284, 288 (Fla.App.2d 1970).
[3] Id. at 290.
[4] 239 So.2d 284, 293 (Fla.App.2d 1970).
[5] 159 Fla. 794, 797, 33 So.2d 50, 52 (1948).