REED, Chief Judge
(concurring in part; dissenting in part) :
I thoroughly concur in the majority’s analysis of F.S.1969, chapter 801, F.S.A., and subsection 801.041 thereof, and the interrelation between F.S. 1969, chapter 801 and section 800.04, F.S.A. The only point on which I differ from the majority is in its assessment of the sufficiency of the evidence. Without detailing the evidence, it appears to me that the evidence in this case is in a posture very much like the evidence in the case of State v. Smith, Florida Supreme Court, 249 So.2d 16, opinion filed May 12, 1971. The defendant Smith was tried for rape. The prosecuting witness testified to all factual events necessary to support the charge of rape. The jury found the defendant guilty and he appealed to the Second District. That court, although acknowledging that the prosecuting witness’ testimony supplied every element of the offense, held that the evidence was insufficient to sustain the conviction because there was other objective evidence which suggested the innocence of the defendant. On appeal the Florida Supreme Court reversed. In our case as in the Smith case, the testimony of the prosecuting witness provides evidence of every element necessary to sustain a conviction. There is of course other objective evidence tending to support innocence. This, however, does not justify a conclusion that the evidence is insufficient. For this reason, I fail to see the merit in the appellant’s contention that the evidence is insufficient. I would affirm the judgment and sentence.