335 So.2d 592 (1976)
Jiri BEREZOVSKY, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-490.
District Court of Appeal of Florida, Third District.
May 18, 1976.
Rehearing Denied August 10, 1976.
Phillip A. Hubbart, Public Defender, Karen M. Gottlieb, Asst. Public Defender, and John Coleman, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant seeks reversal of his conviction for rape and sentence to 30 years in the state penitentiary after trial by jury. He first argues that the evidence was insufficient to establish the elements of force and lack of consent pursuant to § 794.01, Fla. Stat., F.S.A.[1]
*593 We are guided by the well established principles of law that (1) the carnal act on which the charge of rape is based must have been committed against the woman's will, the importance of which is to establish lack of consent on the part of the prosecutrix; (2) resistance is a relative term and must be considered in accordance with the special circumstances surrounding each and every case, such as the strength of the parties and the evidence or lack of evidence of injuries and other such relevant factors; (3) the consent of a woman obtained by actual violence, duress or threats is not such a consent as will shield the offender. See Green v. State, 135 Fla. 17, 184 So. 504 (1938); Flowers v. State, 152 Fla. 649, 12 So.2d 772 (1943); Thomas v. State, Fla. 1964, 167 So.2d 309; Paramore v. State, Fla. 1970, 238 So.2d 604 and Jackson v. State, Fla.App. 1958, 107 So.2d 247.
We point out that only the prosecutrix and the defendant had knowledge of the facts surrounding the incident involved and, as in so many rape prosecutions, the defendant chose not to testify. Thus, with respect to the crucial elements of force and resistance we have only the prosecuting witnesses' testimony upon which a conviction may be sustained without independent corroborating evidence if such testimony is clear and convincing and not materially discredited or impeached. Furthermore, this testimony must be rigidly scrutinized to avoid an unmerited conviction for rape and the jury was so instructed. Doyle v. State, 39 Fla. 155, 22 So. 272 (1897); Truluck v. State, Fla. 1959, 108 So.2d 748; Thomas v. State, Fla. 1964, 167 So.2d 309; Johnson v. State, Fla.App. 1960, 118 So.2d 806.
The testimony of prosecutrix reflects that on the night in question the defendant threatened and used physical violence before he penetrated her; she screamed and physically resisted defendant. The ensuing doctor's examination of prosecutrix revealed that (1) well formed live spermatozoa were present in the vagina and (2) there were bruises on her right upper arm and thigh.
The questions of consent, force, resistance and fear were particularly within the province of the jury to determine. See State v. Smith, Fla. 1971, 249 So.2d 16.
We find that there was sufficient evidence to support the jury's verdict. We find no basis for reversal (1) where the testimony of the prosecutrix, who is not shown to be of bad character for veracity and who was a stranger to the defendant and, therefore, not likely to be influenced by motives of animosity toward him, appears to have been given in a spirit of truth and sincerity; (2) when a jury of defendant's peers, whose province it was to pass upon it, have said it was credible, and when their verdict has received the sanction and approval of the judge who presided at the trial. See Doyle v. State, supra.
The point as to the sufficiency of the evidence can be best disposed of by the following quote from State v. Smith, supra:
"Authorities are too numerous to cite which define the function of the jury and that of the appellate court in cases such as the one before us. The rule is well stated in McKee v. State [159 Fla. 794, 33 So.2d 50], a rape case . ., as follows:
"`Under our scheme of administering justice, the jury resolves factual conflicts, a function quite as important as any single function performed by the court. They take an oath to perform that function no less solemn than that taken by the court to perform its function. When it is shown that they have performed that duty faithfully and honestly and reached a conclusion that squares with reason and their theory of the evidence, it takes more than mere difference in opinion as to what the evidence shows, for this court to reverse *594 them. We find no basis whatever for reversal here, except a possible difference of opinion as to what the facts before the jury reveal.'"
We also examined defendant's second point on appeal and find it is without merit. See § 775.082(4)(a), Fla. Stat., F.S.A. and O'Donnell v. State, Fla. 1975, 326 So.2d 4.
Affirmed.
NOTES
[1] "794.01 Rape and forcible carnal knowledge; penalty

"Whoever ravishes and carnally knows a female of the age of ten years or more, by force and against her will, or unlawfully or carnally knows and abuses a female child under the age of ten years, shall be punished by death, unless a majority of the jury in their verdict recommend mercy, in which event punishment shall be by imprisonment in the state prison for life, or for any term of years within the discretion of the judge. It shall not be necessary to prove the actual emission of seed, but the crime shall be deemed complete upon proof of penetration only."