350 So.2d 80 (1977)
Jiri BEREZOVSKY, Petitioner,
v.
STATE of Florida, Respondent.
No. 50198.
Supreme Court of Florida.
September 15, 1977.
Bennett H. Brummer, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, Miami, for petitioner.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., Miami, for respondent.
HATCHETT, Justice.
We have for review an order of the Third District Court of Appeal reported at 335 So.2d 592 which allegedly conflicts with our decision in Roberts v. State, 335 So.2d 285 (Fla. 1976). We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
Petitioner was tried and convicted on a charge of rape and was sentenced to thirty years in the state penitentiary. Petitioner urges reversal on the grounds that the trial judge failed to exercise his judicial discretion in sentencing by failing to consider possible sentencing alternatives provided for in Section 948.01, Florida Statutes (1975). Section 948.01, Florida Statutes, provides in pertinent part as follows:
Any court of the state having original jurisdiction of criminal actions, where the defendant in a criminal case has been found guilty ... except for an offense punishable by death, may ... either with or without an adjudication of the guilt of the defendant, hear and determine the question of the probation of such defendant.
It is petitioner's position that the trial judge determined that Section 775.082(3)(a), Florida Statutes (1975), requires a mandatory minimum sentence of thirty years and that the sentencing alternatives outlined in Section 948.01, Florida Statutes, are inapplicable. We have carefully reviewed the record and find it sufficient to show that the judge was unclear as to whether probation was possible under the circumstances of the case.
In Roberts v. State, 335 So.2d 285 (Fla. 1976), we specifically held that probation is an alternative open to the sentencing judge. We there, at 289, said:
It is sufficient to note that Section 959.115, Florida Statutes, expressly provides for sentencing alternatives applicable to the instant case. This section, along with the general probation statute, is controlling and so the 30-year prison term for *81 rape established by Section 775.082(3)(a), Florida Statutes, is not a "mandatory minimum" sentence in the sense for which the State contends. If on retrial Roberts is found guilty  a subject about which we express no opinion  the trial court should consider the alternatives posed by Section 959.115 as well as the sentencing provisions of Section 775.082(3)(a) in determining appellant's future.
(footnotes omitted)
The trial judge, at the time of sentencing in this case, did not have the benefit of the Roberts decision.
The District Court has reviewed the sufficiency of the evidence in this case and found that the jury's verdict is supported by the record. Having resolved the conflict of decisions which brought the case to us, we see no reason to provide a full second review of the evidence.
Accordingly, the decision of the Third District Court of Appeal is affirmed in part and reversed in part with directions to remand to the trial court for resentencing consistent with the views expressed herein.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG and KARL, JJ., concur.
ADKINS, J., concurs in part with an opinion.
ADKINS, Justice, concurring in part.
I agree that probation was a sentence alternative, but dissent from that portion of the opinion authorizing a piecemeal review by this Court. When conflict appears, it is our duty to examine the entire record and give defendant a "second appeal."