350 So.2d 791 (1977)
George RALSTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1133.
District Court of Appeal of Florida, Third District.
September 20, 1977.
Rehearing Denied November 2, 1977.
*792 Bennett H. Brummer, Public Defender and Paul Morris, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The appellant was convicted of involuntary sexual battery after a jury trial. By this appeal, he contends that the trial court committed error in failing to respond to a question from the jury:
"Could there be such a thing as implied consent? Is implied consent a defense?"
He further contends that the trial court erred in failing to grant his motion for judgment of acquittal at the conclusion of all the evidence. We affirm.
As to the first point, the trial court correctly declined to respond to the question by the jury in regard to implied consent. Consent by the prosecutrix is a complete defense to the crime charged. The consent may be actual or implied. Whether or not the facts, as determined by the jury, support such a defense is for determination by the jury, and the trial court was not required to give a specific instruction on "implied consent". Danford v. State, 53 Fla. 4, 43 So. 593 (1907); Lindberg v. State, 134 Fla. 786, 184 So. 662 (1938); Wester v. State, 141 Fla. 374, 193 So. 303 (1940); State v. Bryan, 287 So.2d 73 (Fla. 1973).
As to the last point, the prosecutrix' testimony alone (which was obviously believed by the jury) was sufficient to make out a prima facie case and, therefore, no error was made by the trial court in denying the motion for judgment of acquittal. State v. Smith, 249 So.2d 16 (Fla. 1971); State v. Riggins, 314 So.2d 238 (Fla. 4th D.C.A. 1975); Berezovsky v. State, 335 So.2d 592 (Fla. 3rd D.C.A. 1976).
The conviction under review be and the same is hereby affirmed.