350 So.2d 1120 (1977)
Norman Louis SCHEEL, and Ronald Gene Wettlaufer, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 76-919 and 76-963.
District Court of Appeal of Florida, Third District.
October 18, 1977.
Weiner, Robbins, Sheres & Tunkey and Frederick S. Robbins, Miami, for appellants.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The appellants, Norman Louis Scheel and Ronald Gene Wettlaufer, have filed separate appeals from adjudications of guilt and the sentences pursuant thereto. The appellants were tried together with one George Ralston in one jury trial. Scheel was found guilty of involuntary sexual battery and Wettlaufer was found guilty of attempted involuntary sexual battery. Ralston was found guilty of involuntary sexual battery. The Ralston appeal was heard first and the opinion of this court affirming the judgment and sentence was filed September 20, 1977. See Ralston v. State, 350 So.2d 791 (Fla.3d DCA 1977), filed September 20, 1977.
Scheel and Wettlaufer have presented five points as follows: (1) The trial court erred in answering a question posed to it by *1121 the jury. (2) The trial court erred in denying defendants' motion for judgment of acquittal. (3) The trial court erred in declaring Richard Daniels a court witness. (4) The trial court erred in denying appellants' motion for a severance. (5) The trial court erred in allowing the jury to question the defendants after the conclusion of their examination by defense counsel and the state's attorney.
Points one and two presented by this appeal have been considered by this court upon the appeal of co-defendant, Ralston. As to point one, we held in the Ralston opinion, above cited:
"As to the first point, the trial court correctly declined to respond to the question by the jury in regard to implied consent. Consent by the prosecutrix is a complete defense to the crime charged. The consent may be actual or implied. Whether or not the facts, as determined by the jury, support such a defense is for determination by the jury, and the trial court was not required to give a specific instruction on `implied consent'. Danford v. State, 53 Fla. 4, 43 So. 593 (1907); Lindberg v. State, 134 Fla. 786, 184 So. 662 (1938); Wester v. State, 141 Fla. 374, 193 So. 303 (1940); State v. Bryan, 287 So.2d 73 (Fla. 1973)."
We need not further discuss the first point.
The second point, which raises the sufficiency of the evidence to support the verdict, has been considered and found not to present error for the reasons stated in Ralston v. State, supra.
The third point presented urges that prejudicial error was committed by the trial judge when, in response to the State's motion, the court declared a witness subpoenaed by the State as the court's own witness and after initial questioning by the court, allowed the State and the defendants to cross-examine the witness. The appellants have failed to show an abuse of the discretion. See Buchanan v. State, 95 Fla. 301, 116 So. 275 (1928). The record shows that the witness had, by his conduct prior to trial, given the State ample grounds to believe, although a material witness to the acts of the defendants, the witness would fail to testify fully to facts within his knowledge. Cf. Chapman v. State, 302 So.2d 136 (Fla.2d DCA 1974).
Appellants' contention that the trial judge erred in denying their oral motion immediately prior to trial for a severance of their trial because of possible prejudice because of their joinder with defendant George Ralston does not present reversible error. All of the defendants participated in the same series of events. The fact that Ralston's acts were more reprehensible does not alone make the denial of a severance error. The subsequent record of the trial does not substantiate appellants' allegations of prejudice. The testimony as to Ralston's participation was essential to a presentation of the case against these defendants. See Manson v. State, 88 So.2d 272 (Fla. 1956); Tifford v. State, 334 So.2d 91 (Fla.3d DCA 1976); Abbott v. State, 334 So.2d 642 (Fla.3d DCA 1976).
No Florida authority for reversal is presented upon appellants' fifth point. We conclude that the matter is within the discretion of the trial judge and will not be grounds for reversal in the absence of a showing that the procedure employed denied the defendants of a fair trial. Cf. Strawn v. State ex rel. Anderberg, 332 So.2d 601 (Fla. 1976).
Affirmed.