397 So.2d 426 (1981)
STATE of Florida, Appellant,
v.
Patrick Wilson HUDSON, Appellee.
No. 80-1936.
District Court of Appeal of Florida, Second District.
April 24, 1981.
*427 Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, Bartow, and Judith L. James, Asst. Public Defender, Tampa, for appellee.
GRIMES, Judge.
This is an appeal from an order dismissing a charge of sexual battery.
The state charged appellee with committing sexual battery in the course of which he used physical force and violence not likely to cause serious personal injury in violation of section 794.011(5), Florida Statutes (1979). He filed a motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4) and predicated it upon the facts set forth in the deposition of the victim. Following a hearing, the court granted the motion.
According to her deposition, the victim, a twenty-seven year old woman, was hitchhiking to the Carousel Apartments to go swimming with some friends. She was wearing a sundress over a bathing suit. Appellee, with whom she was not acquainted, offered to give her a ride to her destination. Instead, he drove her to a dead-end cul-de-sac where he began to make advances. He tried to kiss her and made several unsuccessful efforts to pull her skirt up. He told her that she had better let him have his way or he would hurt her. As a ruse to ward him off, she told him she had an apartment at the Carousel Apartments and that it would be safer if they went there.
The victim further testified that instead of going to the apartments appellee drove to a more lonely area. There he started grabbing her and unsuccessfully tried to pull down her bikini pants. At his command, she got out of the car. He then dragged her around the car and told her to lie down. He threatened to hurt her again, *428 and his voice shook as if he was in a state of agitation. She tried to talk him out of his objective, but when he refused to be dissuaded, she lay down. Without a struggle, she submitted to intercourse which, she said, hurt "a little bit." At no time did appellee exhibit or refer to a weapon. Upon her release, she went to the Carousel Apartments where she immediately called the police.
At the outset it is well to remember that the function of a dismissal under rule 3.190(c)(4) is to eliminate only those cases in which the undisputed facts do not establish a prima facie case of guilt. Therefore, in passing upon a motion to dismiss, the court should view the facts in the light most favorable to the state. State v. Davis, 243 So.2d 587 (Fla. 1971). The court should not weigh the evidence or determine its credibility. State v. Bryant, 373 So.2d 708 (Fla.3d DCA 1979). If reasonable men could find guilt, a jury question results, and the motion to dismiss should be denied. State v. Hires, 372 So.2d 183 (Fla.2d DCA 1979).
As in prosecutions under the old rape statutes, the state must prove the use of physical force which overcomes the will of the victim in order to convict a defendant of sexual battery under section 794.011(5). Admittedly, the only evidence in this case of physical force which appellee applied directly to the victim prior to intercourse consisted of his grabbing at her, seeking to pull off her wearing apparel, and dragging her around the car. Yet, the victim testified that more than once appellee threatened to hurt her. She emphasized that she only submitted out of fear for her safety after failing in her efforts to talk him out of his objective.
The supreme court has held that when a man obtains intercourse with a woman by such an array of physical force that she dare not resist, he is guilty even though he lays no hands on her. Flowers v. State, 152 Fla. 649, 12 So.2d 772 (1943); Green v. State, 135 Fla. 17, 184 So. 504 (1938). Resistance is a relative term and must be considered under the circumstances of each case. Thomas v. State, 167 So.2d 309 (Fla. 1964). Questions of consent, force, resistance and fear are particularly within the province of the jury to determine. Berezovsky v. State, 335 So.2d 592 (Fla.3d DCA 1976), rev'd in part on other grounds, 350 So.2d 80 (Fla. 1977).
From a review of the facts reflected by the victim's deposition and in view of the standards set out above, we cannot say, as a matter of law, that appellee was entitled to discharge. We reverse the order of dismissal and remand the case for further proceedings.
SCHEB, C.J., and HOBSON, J., concur.