ORFINGER, Judge.
Appellant questions the sufficiency of the evidence to sustain his conviction for sexual battery. We affirm.
The State proved by competent substantial evidence each element of the crime. While there was conflict in the evidence, and the identity of appellant as the perpetrator of the crime was based solely on the testimony of the victim, she remained resolute in her identification, despite rigorous cross-examination. It is the jury’s function to determine the weight of the evidence and the credibility of the witnesses.
When it is shown that they have performed that duty faithfully and honestly and reached a conclusion that squares with reason and their theory of the evidence, it takes more than mere difference in opinion as to what the evidence shows for this court to reverse them. We find no basis whatever for reversal, except a possible difference of opinion as to what the facts before a jury reveal.
State v. Smith, 249 So.2d 16, 18 (Fla.1971).
The Florida Supreme Court has said that on appeal, we must determine only the legal sufficiency of the evidence; i. e., whether there was substantial competent evidence to support the verdict after all conflicts in the evidence and all reasonable inferences thereon are resolved in favor of the verdict and judgment. We are not permitted to determine the weight of the evidence. Tibbs v. State, 397 So.2d 1120 (Fla.1981).
The judgment of conviction is AFFIRMED.
DAUKSCH, Chief Judge, and FRANK D. UPCHURCH, Jr., J., concur.