ON MOTION FOR REHEARING
JOANOS, Chief Judge.
Appellant seeks rehearing, and if rehearing is denied, the issuance of a written opinion setting forth the basis of the court’s per curiam affirmance in this cause. The appealed issues concern the propriety of the jury instructions given in this sexual battery case, in which the victim had a history of schizophrenia, a circumstance not known to appellant when the sexual encounter occurred. Due to the unique facts of this case, we conclude that a brief opinion setting forth the reasoning underlying our decision is in order. Therefore, we accede to appellant’s request for issuance of a written opinion. In all other respects, the motion for rehearing is denied.
Appellant’s argument on appeal and on motion for rehearing is predicated on the assumption that, due to mental incapacity or defect, the victim was unable to consent. Beginning with this premise, appellant contends the instructions given virtually required the jury to find him guilty, because the victim was not competent due to mental incapacity or defect, and thus could not give a knowing and voluntary consent. The fallacy in this argument is that it overlooks an essential element of the crime of sexual battery, i.e., a finding that the accused “either use[d] or threaten[ed] to use a deadly weapon or use[d] actual physical force likely to cause serious personal injury.” § 794.011(3), Fla.Stat. (1989). Further, appellant’s argument assumes the victim’s mental incapacity to consent, a fact not established by the evidence.
Over the state’s objection, the defense was permitted to cross-examine the victim as to her mental history, including information that she had been hospitalized at different times for treatment of mental problems, and that she had been diagnosed as schizophrenic. However, the defense was not permitted to place in evidence the opin *2 ion of an expert, because the opinion was based on a review of the victim’s medical records and data which had been assembled ten years prior to the events on trial. The ten-year-old records and data were determined to be too stale to form a reliable basis for an opinion regarding the victim’s mental competence during the time period at issue. The proffered expert opinion reflects that undifferentiated schizophrenia could be expected to be a continuing condition. However, this proffered testimony did not establish the link urged by appellant, i.e., that persons suffering from schizophrenia have a propensity to lie.
The victim was cross-examined at great length, thereby affording the jury an opportunity to assess both her credibility and her purported eccentricity. In addition, evidence was adduced by the state which refuted appellant’s version of the incident. For example, appellant claimed he gave the victim fifty dollars for sex. However, the evidence established that the victim did not have fifty dollars on her person when she was discovered shortly after the incident, and the money was not found in the course of the investigation of the area where the sexual activity occurred. In addition, under the victim’s account of events, appellant held something in his hand which she inferred was a knife, and he grabbed her forearm and forced her into his jeep. Medical testimony established that the victim’s forearm was bruised in a manner consistent with her description of the encounter.
Because the defense introduced evidence of the victim’s mental history, her competence became an issue at trial. In the circumstances, the trial judge was obligated to give that portion of the sexual battery standard jury instruction patterned after section 794.011(6), Florida Statutes, which provides:
(6) Evidence of the victim’s mental incapacity or defect is admissible to prove that the consent was not intelligent, knowing, or voluntary; and the court shall instruct the jury accordingly.
The sexual battery instruction given by the trial judge in this case follows:
... before you can find the defendant guilty of sexual battery, as alleged, upon a person twelve years of age or older, with the use of a deadly weapon or physical force, the State must prove the following four elements beyond a reasonable doubt. First, that [the victim] was twelve years of age or older. Secondly, that the defendant committed an act upon [the victim] in which the sexual organ of the defendant penetrated or had union with the mouth, in count I, and the vagina in Count II, of the victim, ... Third element, that the defendant, in the process, either used or threatened to use a deadly weapon, or used actual physical force likely to cause serious personal injury, and the fourth element is the act was done without the consent of [the victim]. Consent means intelligent, knowing and voluntary consent and does not include coerced submission. Evidence of the victim’s mental incapacity or defect, if any, may be considered in determining whether it was a knowing and voluntary consent. Mentally defective means that a person suffers from a mental disease, or defect, that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.
The first two elements of the convicted offense are not at issue. That is, undisputed evidence established that the victim was twelve years of age or older, and that the sexual activity occurred. The third element requires proof that the sexual activity was accomplished by the use or threat to use a deadly weapon, or the use or threat to use physical force likely to cause serious personal injury. On the basis of the conflicting evidence introduced on this particular element, the jury was entitled to believe that appellant used force or threatened to use force. By the same token, according to appellant’s trial testimony, the encounter involved no physical force or threat of force. Thus, there was evidence, which, if believed by the jury, would support a finding that no force was involved. Similarly, conflicting evidence was admitted as to the fourth element of the charged offense — the absence of the victim’s knowing, intelli *3 gent, and voluntary consent. On the consent element, there was evidence from which the jury could find that, due to mental incapacity or defect, the victim lacked the ability to consent. However, the evidence also would support a finding that the victim was competent to give a valid consent.
Reduced to its essence, appellant’s contention on appeal is that the jury instructions given in this case impermissibly converted section 794.011(3) into a strict liability crime, which, in effect, required the jury to find him guilty. We disagree. Appellant could have been found not guilty if the jury determined the sexual activity occurred without the use or threat to use a deadly weapon or physical force. If the jury had made this determination, the element of consent need not have entered into the jury’s consideration, because the state was required to prove all four elements of the charged offense. In a similar vein, appellant could have been found not guilty if the jury determined the victim was competent to consent, and did consent, as appellant claimed. In urging that because the victim was not competent to consent, the instruction given required the jury to find an absence of consent, hence guilt, appellant fails to recognize: (1) the jury instruction did not require a finding that a deadly weapon or physical force was-iised, and (2) the victim’s lack of mental capacity ■ was alleged, but was not an established fact.
The question of consent is a matter for the jury’s determination. Hufham v. State, 400 So.2d 133 (Fla. 5th DCA 1981); State v. Hudson, 397 So.2d 426 (Fla. 2d DCA 1981); Ralston v. State, 350 So.2d 791 (Fla. 3d DCA 1977), cert. denied, 364 So.2d 890 (Fla.1978). Contrary to appellant’s assertions, in only one out of three possible fact determinations could it be fairly argued that the jury would be obligated to return a guilty verdict. Such a situation could arise if the jury determined that all of the elements, including lack of consent, were proved by the state, but the jury also found that due to mental incapacity or defect, the victim lacked the capacity to consent. Under the instruction given, the jury was permitted to determine whether the victim was or was not mentally competent, and the effect of that incapacity on the element of consent.
We conclude that the jury instructions given in this case were a correct statement of the law, and a proper reflection of the evidence submitted at trial. That evidence raised the question, but did not decide the issue, of the victim’s competency to consent. The instructions given required the jury to determine (1) whether the sexual battery was accomplished by use or threat to use a deadly weapon or physical force; (2) whether the victim was competent to consent; (3) whether the victim gave or refused consent; and (4) if given, whether consent was intelligent, knowing, and voluntary.
Accordingly, the judgment and conviction are affirmed.
ERVIN and MINER, JJ., concur,