ORFINGER, M„ Senior Judge.
Defendant appeals from his conviction and sentence on a charge of capital sexual battery of an eight year old female. We affirm.
He first contends that the trial court erred in denying his motions for judgment of acquittal made after the close of the state’s case and at time of sentencing. The victim testified to the digital penetration of her vagina by the defendant. A victim’s testimony concerning a sexual battery, if clear as to the identity of the perpetrator, is legally sufficient to sustain *90 a conviction and requires no medical or other corroboration. See § 794.022(1), Fla. Stat. (1999); Thomas v. State, 167 So.2d 309 (Fla.1964); Robinson v. State, 462 So.2d 471 (Fla. 1st DCA 1984). Moreover, there was medical testimony based on a physical examination conducted several hours after the alleged incident, that redness inside the victim’s vagina could have been caused by digital manipulation. This evidence of penetration was sufficient to create a jury question. See J.W.C. v. State, 573 So.2d 1064 (Fla. 5th DCA 1991). Cf. Richards v. State, 738 So.2d 415 (Fla.2d DCA 1999).
We find no merit in appellant’s remaining issues.
W. SHARP, and HARRIS, JJ., concur.